JUDGE BERMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

11 CV 4114

------------------------------------X

MICHELE G. EHRLICH,

                              Plaintiff,    **NOTICE OF REMOVAL**

                                                 Case No. 11 Civ. _____

                 -against-

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK, THE CITY SCHOOL DISTRICT OF
THE CITY OF THE CITY OF NEW YORK, NEW
YORK, PAULA MARRON as the principal of P.S. 79 and
individually,

                                      Defendants.

------------------------------------X

**TO:**    **THE UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK**

        Defendants Board of Education of the City School District of the City of New York ("BOE") (also known as and being sued herein as the "The Department of Education of the City of New York") and Paula Marron, by and through their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, respectfully show this Court as follows:

        1.    On or about May 13, 2011, the New York City Law Department, Office of the Corporation Counsel, received a Summons and Verified Complaint in the above-entitled action, pending in the Supreme Court of the State of New York, County of New York, Index No. 105009/11, naming the defendants listed in the caption as parties to this action, and setting forth the claims for relief upon which the action is based. The individually named defendant, Paula Marron, received the Summons and Verified Complaint in the above-entitled action on or about May 31, 2011. A copy of plaintiff's Summons and Verified Complaint, dated April 26, 2011, is annexed hereto as Exhibit "A."

2. The above-captioned action is a civil action of which the District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, in that it alleges a claim which arises under the laws of the United States, and a violation of plaintiff's federal civil rights by defendants. This action is therefore removable to the District Court without regard to the citizenship or residence of the parties, pursuant to 28 U.S.C. §§ 1441(b) and 1443.

3. Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983 claiming, inter alia, that defendants retaliated against her for exercising her rights under the 1st Amendment to the United States Constitution. See Exhibit "A" ¶ 3.

4. This Notice of Removal is timely because it is being filed within thirty days (30) days of receipt of the initial pleading, by the last defendant to be served. See 28 U.S.C. § 1446(b); see also Barnhart v. Federated Dep't Stores, Inc., 2005 U.S. Dist. LEXIS 3631, 18-19 (S.D.N.Y. Mar. 5, 2005).

5. All defendants consent to the removal of this action to the District Court.

6. Defendants will promptly file a copy of this Notice of Removal with the Clerk of the state court in which the action has been pending.

**WHEREFORE**, defendants respectfully request that the above-captioned action be removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated:   New York, New York
         June 16, 2011

                                       MICHAEL A. CARDOZO
                                       Corporation Counsel of the
                                         City of New York
                                       Attorney for Defendants
                                       100 Church Street, Room 2-108
                                       New York, New York  10007
                                       (212) 788-0960
                                       jhallman@law.nyc.gov

By: _____
            James L. Hallman
            Assistant Corporation Counsel

TO:   Stewart Lee Karlin, Esq.
      Attorney for Plaintiff
      9 Murray Street, Suite 4W
      New York, New York 10007
      (212) 732-9670
      edlawkarlin@aol.com

## CERTIFICATE OF SERVICE

I, James L. Hallman, hereby certify that, on June 16, 2011, I served the annexed Notice of Removal upon Stewart Lee Karlin, Esq., the attorney for the plaintiff herein, by depositing a copy of the same, enclosed in a first-class post-paid properly-addressed wrapper in a post office/official depository located at 100 Church Street, in the Borough of Manhattan, City of New York, directed to said attorney for plaintiff at 9 Murray Street, Suite 4W, New York, New York 10007, that being the address designated by him for that purpose.

Dated:    New York, New York
          June 15, 2011

                                              _____
                                              James L. Hallman
                                              Assistant Corporation Counsel

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X

MICHELE G. EHRLICH,

                  Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK, THE CITY
SCHOOL DISTRICT OF THE CITY OF
THE CITY OF NEW YORK, NEW YORK,
PAULA MARRON as
the principal of P.S. 79 and individually,

                  Defendants.
-------------------------------------------------------------X

11105009

Index No.

Date Purchased:

Plaintiff designates ~~Queens~~ NY
County as the place of trial

**SUMMONS**

The basis of the venue is:
Plaintiff's Residence:

**FILED**

Plaintiff resides at:            APR 27 2011
Ms. Michele G. Ehrlich
65-38 79th Place         COUNTY CLERK'S OFFICE
Middle Village, NY 11379   NEW YORK

To the above named Defendants:

    You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons to serve a notice of appearance on the Plaintiffs' attorney within twenty days after service of the summons exclusive of the day of the service, where service is made by delivery upon you personally within the state, or within 20 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       April 26, 2011

Yours, etc.,

STEWART LEE KARLIN, ESQ.
Attorney for Plaintiff
9 Murray Street, Suite 4W
New York, New York, 10007
(212) 792-9670

DEFENDANTS' ADDRESS
**MICHAEL A. CARDOZA**
Corporation Counsel of the
City of New York
100 Church Street, Room 2-168
New York, NY 10007

P.S. 079 FRANCIS LEWIS
PAULA MARRON, PRINCIPAL
147-27 15 Drive
Queens, NY 11357

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

MICHELE G. EHRLICH,

        Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK, THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK,
THE CITY OF NEW YORK,
PAULA MARRON as
the principal of P.S. 79 and individually,

        Defendant.
-----------------------------------------------------------------X

INDEX NO.

VERIFIED COMPLAINT

11105009

FILED
APR 27 2011
COUNTY CLERK'S OFFICE
NEW YORK

Plaintiff, Plaintiff MICHELE G. EHRLICH, by her attorney, STEWART LEE KARLIN, ESQ., for his complaint herein alleges as follows:

1. At all times hereinafter mentioned, plaintiff (hereinafter "plaintiff") was and still is a resident of the State of New York.

2. At all times hereinafter mentioned, upon information and belief, defendant THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, and THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, THE CITY OF NEW YORK,(hereinafter "defendant or DOE") was and still is a governmental agency organized and existing under the laws of the State of New York with its principal place of business located in the County of New York. Defendant PAULA MARRON is the principal of P.S. 79 and was acting on behalf of Defendant and individually at all times relevant in the complaint.

3. This is an action for a deprivation of constitutional rights. This action is brought

1

pursuant to 42 U.S.C. 1983. At all times relevant, defendant was acting under the color of state law. Concurrent jurisdiction over the defendant is predicated upon 28 U.S.C. 1331 and 1343 in that this is an action authorized by 42 U.S.C. 1983 and the Constitution of the United States of America to redress deprivations of constitutionally protected speech and interests under the color of state law. At all times material hereto, defendant is a political subdivision of the State of New York existing by virtue of the laws of the State of New York and approved of the conduct more specifically set forth below. This Court has concurrent jurisdiction over this first amendment claim.

4. Plaintiff is employed by the Department of Education of the City of New York as an ESL teacher at PS 79 located at 147-27 15th Drive, Whitestone, NY 11357.

5. On or about October 26, 2011, Plaintiff complained to ESL Support Personnel (Giuvella Leisengang) at Linden Place and to Noreen DeLuca, Compliance for Child First Network that a special needs child had IEP which required special education services be delivered in a self-contained classroom and that the IEP was not being properly implemented.

6. This complaint dealt with the safety and health of the child and was an expression of a private citizen expressing concern. This violated federal and state laws mandating that a free and appropriate education for every child be provided was being ignored by the principal at the expense of special needs children.

7. This advocacy was separate and apart from any of her job responsibilities she had as an ESL teacher but as citizen expressing grave concern regarding matters that are of a public concern.

8. As a direct result of Plaintiff complaining about the principal's neglecting to

2

enforce federal and state law pertaining to children with disabilities, and to enforce the safety regulations pertaining to students, plaintiff was retaliated against by Defendants DOE and Marron as set forth herein:

    a.    Plaintiff's probationary status has been placed in jeopardy.

    b.    There was a continuous intentional pattern of subjecting Plaintiff to biased formal and informal observations in which she received unsatisfactory ratings. Receiving the "U" rating on these observations and performance evaluations are patently improper and violates school policy. The informal observations, and formal observations are untrue and are biased.

    c.    Plaintiff has also been subject to a hostile work environment, disparate treatment and microscopic scrutiny; by the principal, and assistant principal.

    d.    Plaintiff personnel file has been papered with baseless and defamatory memos that has stigmatized Plaintiff.

    e.    Plaintiff has been subjected to daily surveillance by the principal and assistant principal;

    f.    Other retaliatory actions.

9.    The foregoing conduct by Defendants set forth in paragraph 8 was by reason of Plaintiff's first amendment activity.

10.    There are no legitimate reasons for the above conduct and the only reason for said action is retaliatory for speaking out regarding matters of public concern.

11.    As a result of the defendants' actions and in actions as set forth above, plaintiff has

3

been, and continues to be, deprived of his Federal rights under 42 U.S.C., Section 1983 and the fourteenth amendments due process rights applying the first amendment rights of the U.S. Constitution.

12. As a result of defendants' actions, plaintiff suffered and was damaged.

13. Defendants have deprived plaintiff of such rights under color of State Law.

WHEREFORE, plaintiff pray that judgment be entered as follows:

1. Declaring that the actions and inactions of the defendants as complained of herein, intentionally deprived plaintiff of her rights, privileges and immunities as secured by the Constitution and laws of the United States, pursuant to the First and Fourteenth Amendments for exercising his First Amendment Rights;

2. Permanently enjoining the defendants from engaging in the practices complained of herein and expunging the "U" ratings.

3. Granting compensatory damages for injuries and accompanying pain and suffering;

4. Attorney fees, costs, disbursements and any other relief that is just and equitable.

**PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY**

Dated: New York, New York
April 26, 2011

Yours, etc.,

STEWART LEE KARLIN, ESQ.
Attorney for Plaintiff
9 Murray Street, Suite 4W
New York, N.Y. 10007
(212) 732-9450

4

## VERIFICATION

STATE OF NEW YORK   )

COUNTY OF NEW YORK)   ss.:

I, the undersigned, an attorney admitted to practice in law in the Courts of New York State, state that I am the attorney of record for the Plaintiff in the within action; I have read the foregoing, Complaint, and know the contents thereof; the same is true to my own knowledge except as to those matters therein alleged to be on information and belief, as to those matters I believe to be true.

The reason this verification is made by your affirmant and not by the Plaintiff herein is that said Plaintiff resides in a county other than the county where your affirmant maintains his law office.

The grounds of your affirmant's belief as to all matter not stated upon my own knowledge are as follows:

Conversations with the Plaintiff and information contained in the file.

Dated: New York, New York
April 26, 2011

_____
STEWART LEE KARLIN, ESQ.

5

Supreme Court Records OnLine Library - page 6 of 8

## ATTORNEY CERTIFICATION

Pursuant to 22 NYCRR, Section 130-1.1.A the undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, respectfully affirms the truth of the following statement under the penalties of perjury pursuant to the C.P.L.R.:

The undersigned attorney hereby certifies that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers (s) or the contents therein are not frivolous as defined in Subsection C of Section 130-1.1.

Dated: New York, New York
April 26, 2011

_____
STEWART LEE KARLIN, ESQ.

6

Supreme Court Records OnLine Library - page 7 of 8

Index No. 113266-09    Year 2009
SUPREME COURT OF THE STATE OF
NEW YORK COUNTY OF NEW YORK

MICHELE G. EHRLICH,

        Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, THE CITY OF NEW YORK, PAULA MARRON, as the principal of P.S. 79 and individually,

        DEFENDANT.

## SUMMONS AND COMPLAINT

Signature (Rule 130-1.1-a)

Print name beneath

STEWART LEE KARLIN, ESQ.

*Attorney for* Plaintiff

    *Office and Post Office Address*

9 Murray Street, 4-W
New York, New York 10007
(212) 792-9670

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

Attorney(s) for

---

NOTICE OF ENTRY

PLEASE take notice that the within is a (*certified*) true copy of a duly entered in the office of the clerk of the within

    Yours, etc.

*Attorney for*

    *Office and Post Office Address*

To

Attorney(s) for

NOTICE OF SETTLEMENT

PLEASE take notice that an order

of which the within is a true copy will be presented for settlement to the Hon.

one of the judges of the within name Court, at

on
at    M.
Dated,

    Yours, etc.

*Attorney for*

    *Office and Post Office Address*

To

Attorney(s) for

Docket No. 11 Civ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHELE G. EHRLICH,

                               Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK, et al.,

                               Defendants.

## NOTICE OF REMOVAL

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: James L. Hallman*
*Tel: (212) 788-0960*
*Matter No. 2011-014659*

*Due and timely service is hereby admitted.*

New York, N.Y. .................................... , 201__

.................................... Esq.

Attorney for ....................................